Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL III

| | | |
|---|---|---|
| MIGUEL ÁNGEL DOMÍNGUEZ TEJEDA<br><br>Recurrente<br><br>v.<br><br>ADIANEZ CHAPARRO NEGRÓN<br><br>Recurrida | TA2026RA00010 | REVISIÓN ADMINISTRATIVA procedente de la Administración para el Sustento de Menores (ASUME)<br><br>Caso núm.: 0611726 |

Panel integrado por su presidente el juez Hernández Sánchez, el juez Rivera Torres y el juez Marrero Guerrero.

**Rivera Torres, Juez Ponente**

### SENTENCIA

En San Juan, Puerto Rico, a 28 de enero de 2026.

Comparece ante este tribunal apelativo, el Sr. Miguel Ángel Domínguez Tejeda (señor Domínguez Tejeda o recurrente) mediante el recurso de *Revisión Judicial* de epígrafe solicitándonos que revisemos la *Orden* emitida por la Administración para el Sustento de Menores, Oficina Regional de Ponce (ASUME), el 7 de octubre de 2025, notificada el mismo día. Mediante este dictamen, el foro primario resolvió continuar con los procedimientos para la determinación de alimentos instada por la Sra. Adianez Chaparro Negrón (señora Chaparro Negrón o recurrida).

Por los fundamentos que expondremos a continuación, desestimamos el presente recurso ante la falta de jurisdicción.

### I.

La controversia ante nuestra consideración tiene su génesis en el caso núm. 0611726, iniciado el 5 de marzo de 2024 por la señora Chaparro Negrón contra el señor Domínguez Tejeda ante la ASUME. Mediante el referido caso administrativo, la recurrida

solicitó la revisión de la pensión alimenticia a favor de los hijos procreados entre ambos.[1]

El 12 de febrero de 2024, la agencia emitió una *Orden* notificando el cierre del caso.[2] Allí, se arguyó la falta de cooperación de la persona custodia, la aquí recurrida.

El 20 de febrero de 2025, la señora Chaparro Negrón presentó una revisión administrativa de la orden de cierre ante el Juez Administrativo.[3] Fundamentó su petitorio en que ha cooperado proveyendo toda la información disponible, entre las que incluyó distintas direcciones del padre no custodio, el señor Domínguez Tejeda, en New Jersey y México; así como de distintas propiedades pertenecientes a éste, número de seguro social, pasaporte, etc. Incluso, añadió que el 5 de septiembre de 2024 ASUME le notificó que, a raíz de su solicitud sobre estatus de los procedimientos, "SE LE INFORMA QUE SE ESTAN REALIZANDO GESTIONES DE LOCALIZACI[Ó]N DE PADRE NO CUSTODIO".[4]

El 27 de marzo de 2025, notificada el mismo día, el Juez Administrativo emitió la *Citación y Orden de Señalamiento de Vista por Videoconferencia.*[5] Mediante la misma, se calendarizó una vista para el día 18 de junio de 2025. A su vez, se determinó que la revisión presentada por la señora Chaparro Negrón se atendería en la vista.

El 20 de junio de 2025, notificada el 23 de junio siguiente, la ASUME presentó una *Moción Informativa,* en la que, entre otros asuntos, informó al Juez Administrativo lo siguiente:

> 2. Que durante la celebración de la vista el Sr. Domínguez Tejeda, en adelante PNC, informó que desde agosto/septiembre de 2024 se había mudado a residir a Méjico con sus padres y que estaba trabajando por

---

[1] Véase, el Sistema Unificado de Administración y Manejo de Casos del TA (SUMAC TA), Entrada núm. 3, Disco Compacto-(CD), SOL-0611726-202432112714-ASM005.
[2] *Íd.*, ADJ-0611726-202502250828-SALA_PC.
[3] *Íd.*, a las págs. 1-3.
[4] *Íd.*, a la págs. 1-15.
[5] Véase, SUMAC TA, Entrada núm. 3, (CD), ADJ-0611726-202505220934-SALA_PC.

cuenta propia como programador de "software". Además, a lo antes indicado y en respuesta a preguntas de la Sala el PNC manifestó que estaba en disposición de someterse voluntariamente a la jurisdicción de la ASUME.[6]

El 4 de agosto de 2025, notificada al día siguiente, la agencia emitió una *Resolución,* en la que declaró *Ha Lugar* a la revisión de pensión alimentaria presentada por la señora Chaparro Negrón. Mediante la referida determinación, ordenó reabrir el caso, notificar el procedimiento de establecimiento de pensión a la persona no custodia por correo electrónico y determinó que:

> La persona no custodia declaró que la dirección postal en el estado de Nueva Jersey, EE. UU., a donde la agencia envió la notificación sobre el proceso de establecimiento de pensión era correcta, pero que, desde el mes de agosto del 2024, reside en México. Tiene ciudadanía americana, pero el día de hoy no sabe si va a regresar a recibir en los Estados Unidos.
>
> A preguntas del tribunal, la persona no custodia, aceptó someterse voluntariamente a la jurisdicción de Puerto Rico y al proceso de establecimiento de pensión alimentaria solicitado por la persona custodia. Solicitó se le notifique el proceso y toda comunicación posterior a su dirección de correo electrónico.[7]

El 28 de agosto de 2025, según consta en el matasello del CORREO POSTAL DE SALEM, NUEVA JERSEY, el señor Domínguez Tejeda remitió una moción en la que, en esencia, argumentó que era ciudadano mejicano, domiciliado en México, que revocaba su consentimiento a someterse voluntariamente a la jurisdicción de ASUME en la Oficina Regional de Ponce, y que prestó su consentimiento bajo engaño y presión. Añadió, que instó una acción en Nueva Jersey por secuestro parental. En la denuncia, presentada el 25 de agosto de 2025, indicó a la corte en Nueva Jersey que el 15 de diciembre de 2018, hace más de 7 años, la señora Chaparro Negrón se llevó a los menores bajo engaño de vacaciones, en alegado

---

[6] Véase, SUMAC TA, Entrada núm. 3, (CD), DJ-0611726-202506230904-SALA_MP.
[7] *Íd.*, DJ-0611726-202585133243-SALA_ORDADM.

secuestro. En la denuncia este especificó que su dirección residencial es en el estado de NUEVA JERSEY.[8]

El 16 de septiembre de 2025, notificada el 19 del mismo mes y año, el Juez Administrativo emitió una *Orden* solicitando a la ASUME que responda a la moción sometida por el recurrente.[9] Según ordenado, el 2 de octubre de 2025, la ASUME presentó una *Moción en Cumplimiento de Orden.*[10]

El 7 de octubre de 2025, el Juez Administrativo emitió la *Orden* recurrida dando por cumplida la orden notificada el 19 de septiembre, y determinando la continuación de los procedimientos para la obtención de alimentos contra el señor Domínguez Tejeda.[11] En su dictamen, la agencia incluyó las advertencias exigidas por ley para recurrir en alzada.

El 1 de noviembre de 2025, el recurrente presentó una *Reconsideración* ante la ASUME.[12] Mediante el referido petitorio esbozó los mismos planteamientos plasmados en su escrito del 28 de agosto de 2025.

Según consta en expediente, y como afirma el recurrente, en el recurso, la ASUME no atendió la solicitud de reconsideración dentro del tiempo establecido por ley.

Inconforme con lo determinado, el señor Domínguez Tejeda presentó el recurso de revisión judicial que nos ocupa y, aunque propiamente no enumeró los señalamientos de error, en esencia, señaló que erró la agencia al adquirir jurisdicción sobre su persona, siendo ciudadano mejicano.

El 13 de enero de 2026, emitimos una *Resolución* ordenando a la ASUME proveer copia del expediente administrativo, en o antes

---

[8] Véase, SUMAC TA, Entrada núm. 3, (CD), MIS-0611726-2025916114602-ASM515.
[9] *Íd.*, ADJ-0611726-2025926135923-SALA_ORD.
[10] *Íd.*, ADJ-0611726-202510030954-SALA_MP.
[11] *Íd.*, ADJ-0611726-2025108123250-SALA_ORD.
[12] *Íd.* ADJ-0611726-20251112121638-SALA_PNC.

del 21 de enero. El mismo 21 de enero de 2026, la agencia cumplió con lo ordenado, por lo que nos damos por cumplidos.

Examinados el recurso y el expediente apelativo, y acorde con la determinación arribada, prescindimos de la comparecencia de la parte recurrida, según nos faculta la Regla 7(B)(5) de nuestro Reglamento, según enmendado, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 15, 215 DPR ___, (2025).

## II.

### Jurisdicción

Los tribunales debemos ser celosos guardianes de nuestra jurisdicción, estando obligados a considerarla aun en ausencia de algún señalamiento al respecto de las partes. La razón para ello es que la jurisdicción delimita la potestad o facultad que los tribunales poseemos para atender una controversia ante nuestra consideración. Tal asunto debe ser resuelto con preferencia porque de carecer de jurisdicción para atenderlo, lo único que corresponde hacer es así manifestarlo. *Constructora Estelar v. Aut. Edif. Púb.*, 183 DPR 1, 22 (2011); *S.L.G. Szendrey-Ramos v. F. Castillo*, 169 DPR 873, 883 (2007). El no tener la potestad para atender un asunto no puede ser corregido ni atribuido por el tribunal. *Constructora Estelar, S.E. v. Aut. Edificios Públicos*, supra.

En aquellas instancias en las que un ente adjudicador dicta una sentencia sin ostentar jurisdicción en la persona o en la materia, su determinación es "jurídicamente inexistente." *Maldonado v. Junta Planificación*, 171 DPR 46, 55 (2007). De ahí que, cuando un foro adjudica un recurso sobre el cual carece de jurisdicción para entender en este, ello constituye una actuación ilegítima, disponiéndose que cuando la ley expresamente proscribe asumir jurisdicción, no existe una interpretación contraria. *Íd.*

De otro lado, un recurso prematuro, **al igual que uno tardío**, **adolece del grave e insubsanable defecto de falta de jurisdicción**

**y tiene que ser desestimado.** *Padilla Falú v. A.V.P.*, 155 DPR 183, 192 (2001); *Rodríguez v. Zegarra*, 150 DPR 649, 654 (2000). Su presentación carece de falta de eficacia y no produce ningún efecto jurídico, pues en el momento de su presentación un foro apelativo no tiene autoridad judicial para acogerlo. *Juliá et al v. Epifanio Vidal, S. E.*, 153 DPR 357, 366 (2001).

Como corolario de lo antes expuesto, el Reglamento del Tribunal de Apelaciones dispone en la Regla 83, *supra,* a la pág. 115-116, lo siguiente:

> (B) Una parte podrá solicitar en cualquier momento la desestimación de un recurso por los motivos siguientes:
>
> (1) que el Tribunal de Apelaciones carece de jurisdicción;
>
> (...)
>
> (C) El Tribunal de Apelaciones, a iniciativa propia, podrá desestimar un recurso de apelación o denegar un auto discrecional por cualesquiera de los motivos consignados en el inciso (B) precedente.

De otra parte, la parte adversamente afectada por una resolución administrativa podrá solicitar reconsideración dentro del término de veinte (20) días, si reside en Puerto Rico o de treinta (30) días y reside fuera de Puerto Rico, que se contarán a partir del archivo en el expediente o del envío por correo del dictamen, lo que sea posterior. El juez administrativo dentro de los 15 días de haberse presentado dicha moción deberá considerarla. **Si la rechazaré de plano o no actuare dentro de los 15 días, el término para solicitar revisión comenzará a correr nuevamente desde que se notifique dicha denegatoria o desde que aspiren esos 15 días, según sea el caso.** Artículo 11 (C) de la Ley núm. 5 de 30 de diciembre de 1986, Ley Orgánica de la Administración para el Sustento de Menores, según enmendada (Ley ASUME), 8 LPRA sec. 510.

Así mismo, el Artículo 11-A de la *Ley de ASUME,* 8 LPRA sec. 510a, establece que, de conformidad con la Ley núm. 38-2017, Ley

de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico (LPAUG), la parte adversamente afectada podrá, dentro de un término de treinta (30) días contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden o decisión final del Juez Administrativo, presentar una solicitud de revisión ante el Tribunal de Apelaciones.

Por su parte, la Regla 57 del Reglamento del Tribunal de Apelaciones, *supra,* a la pág. 80, establece un **término jurisdiccional de treinta (30) días para presentar un recurso de revisión judicial, contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final del organismo o agencia o a partir de la fecha aplicable cuando el término para solicitar la revisión judicial haya sido interrumpido mediante la presentación oportuna de una moción de reconsideración**.

### III.

Analizado el recurso ante nuestra consideración, nos corresponde, en primera instancia, atender el asunto relativo a la jurisdicción debido a que debe ser resuelto con preferencia a cualquiera otra cuestión. Ello, aun cuando ninguna de las partes lo haya argumentado o solicitado.

Según surge del escrito y del expediente administrativo, el recurrente presentó oportuna *Reconsideración*, el 1 de noviembre de 2025, objetando lo determinado en la *Orden* recurrida notificada por la ASUME el 7 de octubre anterior. Esto, según surge del matasellos del correo. De esta manera, la ASUME tenía hasta el 16 de noviembre, extendido hasta el día siguiente por ser domingo, para decidir si rechazaba o acogía el petitorio reconsideratorio. Tras no ser considerada por la agencia, dentro del término dispuesto en ley, el término para acudir en alzada por el recurrente comenzó a decursar a partir del 17 de noviembre. Por lo que, el señor

Domínguez Tejeda tenía hasta el miércoles, **17 de diciembre de 2025**, para acudir ante esta *Curia*.

Sin embargo, el señor Domínguez Tejeda presentó su recurso el **30 de diciembre de 2025**. Es decir, transcurrido el término jurisdiccional para instar el recurso ante este foro intermedio. Incluso, aun tomando en consideración la fecha de envío del correo postal, 19 de diciembre de 2025, nos encontramos ante un recurso presentado tardíamente. Aún más, es importante subrayar que el señor Domínguez Tejeda **emitió el pago de aranceles el 30 de diciembre de 2025**, por lo que conforme con la Regla 38 de nuestro Reglamento, *supra,* a la pág. 81, esta constituye la fecha de presentación del recurso.

Puntualizamos, que el término para presentar el recurso de epígrafe, al ser uno jurisdiccional, no es susceptible de ser prorrogado mediante causa justificada. Así pues, recordemos que, entre las instancias en las que un tribunal carece de jurisdicción para adjudicar una controversia, se encuentra la presentación tardía de un recurso. Un recurso tardío adolece del grave e insubsanable defecto de falta de jurisdicción y debe ser desestimado. *Rodríguez Díaz v. Pierre Zegarra,* 150 DPR 649 (2000).

Por último, apuntalamos que aun si tuviésemos jurisdicción para atender el recurso, en este se pretende recurrir de una resolución interlocutoria no susceptible de revisión ante esta *Curia,* según se establece en la Sección 4.2 de la LPAUG, 3 LPRA sec. 9672. Lo que conllevaría el mismo resultado.

Por consiguiente, reiteramos que carecemos de jurisdicción para atender el recurso instado por el recurrente.

**IV.**

Por los fundamentos antes expuestos, se desestimar el presente recurso por falta de jurisdicción.

Notifíquese inmediatamente.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones